UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF  NEW YORK

_____

GILBERTO AGUDO MARTINEZ,

                              Plaintiff

-vs-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

_____

                                                                DECISION AND ORDER

                                                                07-CV-6410 CJS

APPEARANCES

For the Plaintiff:              Gilberto Agudo Martinez, *pro se*
                                229 Avenue A, Apartment 212
                                Rochester, New York 14621

For the Defendant:              Terrance P. Flynn, Esq.
                                United States Attorney for the
                                Western District of New York
                                John J. Field, Esq.
                                Assistant United States Attorney
                                100 State Street
                                Rochester, New York 14614

INTRODUCTION

     This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final

determination of the Commissioner of Social Security ("Commissioner" or "Defendant"),

which denied plaintiff Gilberto Martinez's ("Plaintiff") application for Disability Insurance

benefits and Supplemental Security Income ("SSI") benefits.  Now before the Court is

Defendant's motion [#11] to remand the case for further administrative proceedings,

and Plaintiff's cross-motion [#13] to remand solely for the calculation of benefits.  For

the reasons that follow, Defendant's application is granted and Plaintiff's application is

denied.

PROCEDURAL HISTORY

The procedural history of this action was set forth in Defendant's brief and need

not be repeated here.  It is sufficient to note that on July 12, 2001, Plaintiff applied for

disability benefits and SSI benefits, claiming to be disabled due to a variety of physical

and mental impairments, including atrial fibrillation and anxiety.  The Commissioner

denied Plaintiff's applications, and Plaintiff commenced an action in this court (Case

number 05-CV-6125) to review the Commissioner's determination.  In that action, the

Commissioner admitted that the Administrative Law Judge ("ALJ") had not properly

applied the "treating physician rule" when considering the opinions of Plaintiff's primary

care physician, Charles Ipppolito, M.D. ("Ipppolito").[1]  Accordingly, on February 7, 2006,

the undersigned issued a Decision and Order [#14], remanding the matter, "for proper

consideration of the treating physician rule." (Decision and Order [#14] at 25).

The Commissioner subsequently assigned the case to a new ALJ, and

remanded the matter for a new hearing.  On January 16, 2007, the ALJ issued a new

decision, again denying Plaintiff's applications.  Subsequently, the Appeals Council

declined to review the ALJ's decision.  On August 20, 2007, Plaintiff commenced the

---

[1]As an aside, the Court has some doubt as to whether a document, purportedly written by Ippolito, is authentic. (*See*, "To Whom it May Concern" note, dated June 15, 2001, at 233).  The document is not on office stationery, the word "physician" is misspelled twice ("phisician"), there are hand-written additions and typographical errors, and the signature does match Ippolito's other signatures in the record.  To the extent necessary on remand, the ALJ should determine whether this document is authentic.

instant action.

On April 28, 2008, the Commissioner filed the subject motion to remand for

additional administrative proceedings.  In that regard, the Commissioner states:

> [I]n finding plaintiff not disabled, the ALJ did not sufficiently consider
> plaintiff's subjective complaints of fatigue in light of evidence in May 2003
> that he had become intolerant to medication[,] causing increased
> episodes of atrial fibrillation.  Additionally, although the ALJ also found
> that plaintiff had anxiety and depression, which he found to be severe, the
> ALJ did not set forth plaintiff's mental residual functional capacity based
> upon a function-by-function assessment of his mental capacities.
>
> Upon remand, the ALJ will acknowledge and evaluate evidence reflecting
> the loss of medications' effectiveness in controlling plaintiff's atrial
> fibrillation; evaluate plaintiff's subjective complaints, which include fatigue,
> in light of plaintiff's increased episodes of atrial fibrillation; and set forth
> plaintiff's mental residual functional capacity based upon a function-by-
> function assessment of his mental capacities.

(Defendant's Brief at 4).  Plaintiff opposes Defendant's application, and maintains that

the case should be remanded solely for the calculation of benefits. (Plaintiff's Brief at

11) ("The Social Security Administration has had ample time to 'get their act together.' .

. . [I]t is difficult to visualize an end in sight for the resolution of this case.  Therefore,

this Plaintiff respectfully contends that the only other alternative will be for the Court to

remand this case to the Commissioner of Social Security for the calculation of

benefits.").

ANALYSIS

The only issue before the Court is whether this case should be remanded for

additional administrative proceedings, or whether it should be remanded solely for the

calculation of benefits.  Remand for calculation of benefits is appropriate where the

correct application of the applicable legal standards could lead only to the conclusion

that Plaintiff is entitled to benefits. *See, Schaal v. Apfel*, 134 F.3d at 504 ("Where

application of the correct legal standard could lead to only one conclusion, we need not

remand.") (citation omitted).  On the other hand, "[u]pon a finding that an administrative

record is incomplete or that an ALJ has applied an improper legal standard, we

generally vacate and instruct the district court to remand the matter to the

Commissioner for further consideration." *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.

2000).

Here, the Court finds that a correct application of the applicable legal standards

would not necessarily require a finding that Plaintiff is entitled to benefits.  Accordingly,

a remand for further administrative proceedings is appropriate.

## CONCLUSION

For the reasons discussed above, Defendant's application [#11] is granted,

Plaintiff's application [#13] is denied, and this matter is remanded for further

administrative proceedings.  Upon remand, the ALJ should, in addition to the other

actions discussed above, indicate which evidence he is relying upon with regard to the

disability benefits application, and which evidence he is relying upon with regard to the

SSI application.[2]  The ALJ should also indicate how many days per month, if any,

Plaintiff would be unable to work due to his impairments.

---

[2]*See, Rivas v. Barnhart*, No. 01 Civ.3672 RWS, 2005 WL 183139 at *2, n. 2 (S.D.N.Y. Jan. 27, 2005) ("The essential difference between SSD and SSI is that, in order to qualify for SSD benefits, one must be both disabled and insured for disability benefits. *See* 42 U.S.C. §§ 423(a)(1)(A) & 423(c); 20 C.F.R. §§ 404.101, 404.120 & 404.315(a). The last date that a person meets these requirements is commonly referred to as the date last insured, or the "DLI." . . .  SSI has no such insured status issue. To receive benefits, the claimant must be both disabled and financially needy.").

So Ordered.

Dated: Rochester, New York
       October 9, 2008

                                          ENTER:


                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge